George Torgun (Bar No. 222085)
Andrea Kopecky (Bar No. 276366)
SAN FRANCISCO BAYKEEPER
785 Market Street, Suite 850
San Francisco, California 94103
Telephone: (415) 856-0444
Facsimile: (415) 856-0443
Email: george@baykeeper.org
Email: andrea@baykeeper.org

Attorneys for Plaintiff
SAN FRANCISCO BAYKEEPER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a non-profit corporation,<br><br>                    Plaintiff,<br>          v.<br><br>PACIFIC RIM RECYCLING, INC.,<br><br>                    Defendant. | Civil No. 2:14−CV−01100−GEB−KJN<br><br>**[PROPOSED] ORDER RE REQUEST FOR ENTRY OF CONSENT DECREE AND DISMISSAL**<br><br>Hon. Garland E. Burrell, Jr. |

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the [Proposed] Consent Decree, attached hereto as Exhibit A, is fully incorporated herein by reference and is entered as an Order of the Court.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over Case No. 2:14−CV−01100−GEB−KJN for the sole purpose of enforcing compliance by the Plaintiff and Defendant with the terms of the [Proposed] Consent Decree.

IT IS FURTHER ORDERED that the above-captioned action against Defendant is dismissed with prejudice.

IT IS SO ORDERED.

Dated:  October 10, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

EXHIBIT A

**CONSENT DECREE**

WHEREAS, San Francisco Baykeeper, Inc. ("Baykeeper") is a non-profit public benefit corporation dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of the San Francisco Bay and other area waters;

WHEREAS, Pacific Rim Recycling, Inc. ("Pacific Rim") operates a recycling facility located at 3690 Sprig Drive in Benicia, California (the "Facility");

WHEREAS, Baykeeper and Pacific Rim are collectively referred to herein as the "Parties";

WHEREAS, stormwater discharges associated with industrial activity at the Facility are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 92-12-DWQ (as amended by Water Quality Order 97-03-DWQ), and any future iterations of this permit, which are issued pursuant to Section 402 of the Federal Water Pollution Control Act, 33 U.S.C. § 1342 (hereinafter "Industrial Stormwater Permit").  These industrial activities include, *inter alia*, collecting, sorting, processing, and transporting recyclable materials from commercial, industrial, retail, contractors, and municipal clients, transportation of materials on and off site, truck and equipment operation, and other industrial activities related to the operation of a recycling facility;

WHEREAS, the Industrial Stormwater Permit includes the following requirements for all permittees, including Pacific Rim:  1) develop and implement a stormwater pollution prevention plan ("SWPPP"), 2) control pollutant discharges using best available technology economically achievable ("BAT") and best conventional pollutant control technology ("BCT") to prevent or reduce pollutants, 3) implement BAT and BCT through the development and application of Best Management Practices ("BMPs"), which must be included and updated in the SWPPP, and 4)

2

when necessary, implement additional BMPs to prevent or reduce any pollutants that are causing or contributing to any exceedance of water quality standards;

WHEREAS, via letter dated February 20, 2014, Baykeeper served Pacific Rim, the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Officer of the San Francisco Bay Regional Water Quality Control Board ("Regional Board"), and the U.S. Attorney General with a notice of intent to file suit ("60-Day Notice") under Sections 505(a)(1) and (f) of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C. § 1365(b)(1)(A), alleging violations of the Act and the Industrial Stormwater Permit at the Facility;

WHEREAS, Baykeeper initiated a lawsuit against Pacific Rim in the United States District Court, Eastern District of California, Case No. 2:14-cv-01100-GEB-KJN ("Complaint");

WHEREAS, the Parties believe it is in their mutual interest and choose to resolve in full Baykeeper's allegations in the 60-Day Notice and Complaint through settlement and avoid the cost and uncertainties of further litigation;

NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:

## I.        COMMITMENTS OF PACIFIC RIM

1.      In order to further reduce or further prevent pollutants associated with industrial activity from discharging via stormwater to the waters of the United States, Pacific Rim shall implement appropriate structural and non-structural Best Management Practices ("BMPs"), as required by the Industrial Stormwater Permit, as described more fully below.

2.      **Site Map**:  Within thirty (30) days of the Effective Date, Pacific Rim shall update the Site Map included in the Facility SWPPP.  The Site Map shall clearly denote the topography

3

and the direction of stormwater flow for each distinct area of the Facility.  The Site Map shall also identify property boundaries, known or suspected drop inlets, ground type (pervious or impervious), berms and the materials they are composed of, any permanent structures and features, discharge points, and all other physical structures or items relevant under the Industrial Stormwater Permit and in this Consent Decree.

3.      **Designation and Protocol for All Sampling Locations**:  Within thirty (30) days of the Effective Date, Pacific Rim shall update the Facility SWPPP to fully describe any modifications to the discharge or sampling locations, as shown on the Site Map and described in the SWPPP ("Designated Discharge Point").  While the Consent Decree is in effect, if Pacific Rim makes any material changes to the Designated Discharge Points at the Facility, Pacific Rim shall update the SWPPP within thirty (30) days and submit the revised SWPPP to Baykeeper, consistent with the requirements of Paragraph 14, below.

4.      **Best Management Practices**:  Pacific Rim shall develop and implement BMPs necessary to, at a minimum, comply with Effluent Limitation B(3) and Receiving Water Limitation C(2) of the Industrial Stormwater Permit, including the BMPs set forth in paragraphs 5 through 13 of this Consent Decree.

5.      **Storm Drain Inlet/Catch Basin Best Management Practices**:

a.      Storm Drain Inlet/Designated Discharge Point Inspections:  Between September 1 and October 1 of each year, Pacific Rim shall inspect any storm drain inlets, catch basins, Designated Discharge Points, filtration/treatment devices, biofiltration swales, and other BMPs in place at the Facility.  Pacific Rim shall promptly clean, as needed, each drain inlet, catch basin, Designated Discharge Point, filtration/treatment device, biofiltration swale, and other BMPs in order to remove any accumulated dust, sediment, solids, or debris.

4

b.   Storm Drain Inlet/Designated Discharge Point Maintenance and Cleaning:  Weekly during the Wet Season (*i.e.*, from October 1 to May 30 of each year that this Consent Decree is in effect) ("Wet Season"), Pacific Rim shall inspect all storm drain inlets, catch basins, Designated Discharge Points, filtration/treatment devices, biofiltration swales, and other BMPs in place at the Facility to ensure that they are not in a condition that would materially impair their efficacy and shall clean out accessible deposited sediment or debris if needed.  Pacific Rim shall properly dispose of any dust, sediment, debris, or other removed pollutants.

c.   Log of Storm Drain Inlet/Designated Discharge Point Inspections, Maintenance and Cleaning:  Pacific Rim shall prepare and maintain a log of the Storm Drain Inlet/Designated Discharge Point Inspections, Maintenance and Cleaning described herein ("Maintenance Log"). The Maintenance Log shall indicate the staff who completed the maintenance/cleaning activity and when it was completed.  The Log shall be made available for inspection by Baykeeper at any site inspection or otherwise within five (5) business days of any advance request by Baykeeper.

6.   **Site Sweeping:**  After the Effective Date, Pacific Rim shall sweep the paved areas of the Facility at least once per day with forklift brooms, and at least once per week with a Bobcat rotating broom.  Pacific Rim shall record on-site sweeping activity performed in a Sweeping Log, and shall direct employees and/or contractors to accurately complete such entries in the Sweeping Log.  The Sweeping Log shall indicate the employee or contractor who conducted the sweeping, the location of the sweeping, and the dates the sweeping activities occurred.  The Sweeping Log shall be made available for inspection by Baykeeper at any site inspection or, other than during any site inspection by Baykeeper, within three (3) business days of an advance written request by Baykeeper.

7.   **Abandoned or Inutile Equipment Storage and Removal:**  Within thirty (30) days of the Effective Date, Pacific Rim shall identify abandoned or broken equipment or

5

materials no longer considered for future use that have the potential to serve as a source of pollutants and either store it under cover or remove it from the Facility.

8.      **Vehicle and Equipment Management**:  Beginning on the Effective Date, Pacific Rim shall implement BMPs to reduce or minimize pollutant releases from equipment such as forklifts, hydraulic lifts, trucks, and other heavy equipment that are parked or stored in areas of the Facility from which stormwater discharges.  Such BMPs shall include placing drip pans under equipment stored or parked continuously for a week or longer, weekly inspections for evidence of leaks from such equipment, and prompt (as soon as reasonably possible and in no case later than in advance of forecasted rainfall events) clean up of spills, drips, or leaks from such equipment.  Any spilled substances and absorbent materials used in cleaning up spills shall be disposed of in accordance with all local, state, and federal laws and regulations.

9.      **Vehicle and Equipment Maintenance**:  Beginning on the Effective Date, Pacific Rim shall not conduct vehicle or movable equipment maintenance or repair at the Facility in outdoor, uncovered areas from which stormwater discharges during rainfall events, without the use of drip pans or other protective measures to prevent potential pollutant releases from contaminating the outdoor area under and around the equipment.  Notwithstanding the foregoing, Pacific Rim shall be permitted to conduct emergency vehicle repairs, including tire replacement, in all areas of the Facility, provided that contaminant minimization procedures are employed during and after such emergency repairs.  Pacific Rim shall inspect the area where the maintenance or repair occurred and clean up waste products, including pollutant-containing fluids deposited or spilled on the ground as a result of the maintenance or repair.

10.     **Berm:**  By October 1, 2014, Pacific Rim shall install a berm across its main driveway (that exits to Industrial Way) to prevent stormwater discharges from that driveway and to direct stormwater flow to the biofiltration swale.

6

11.     **Biofiltration swale:**  By October 1, 2014, Pacific Rim shall install a biofiltration swale along the southern perimeter of the Facility, based on guidance in Exhibit 1.

12.     **Training**:  Beginning on the Effective Date, and annually thereafter, and within thirty (30) days of the starting date for new employees, Pacific Rim shall conduct training for all appropriate employees to explain the requirements of the Facility's SWPPP to the extent applicable to such employee.  Training shall focus on 1) the employee's role in implementing various stormwater control measures including, for example, implementation of BMPs, vehicle maintenance, or facility inspections, and 2) strategies for reducing the release of pollutants that could reach stormwater during rain events.  Training shall be conducted bilingually (*i.e.,* Spanish/English or other pertinent language) to the extent that such employee is not reasonably able to comprehend training in English.  If and when appropriate, Pacific Rim shall integrate any new training requirements resulting from this Consent Decree into the Facility SWPPP.  Pacific Rim shall also update the SWPPP, if and when appropriate, to identify the positions responsible for carrying out stormwater management, monitoring, sampling, and SWPPP implementation.

13.     **Maintenance of BMP Structural Controls**:  Beginning on the Effective Date, Pacific Rim shall maintain the structural BMPs at the Facility in good operating condition and shall promptly repair any damaged or degraded structural BMPs.

14.     **Amendment of SWPPP**:  Within thirty (30) days of the Effective Date, Pacific Rim shall amend and provide to Baykeeper the Facility SWPPP to incorporate the requirements and BMPs set forth in Paragraphs 5 through 13 of this Consent Decree.  Baykeeper shall have thirty (30) days from receipt of the amended SWPPP to propose any changes to the SWPPP consistent with this agreement.  Within thirty (30) days of notification by Baykeeper of any proposed changes to the SWPPP, Pacific Rim shall make all of Baykeeper's reasonable changes to the amended SWPPP unless Pacific Rim timely invokes Dispute Resolution.  Compliance with

the SWPPP, as amended in accordance with this paragraph provision, shall at all times be a requirement of this Consent Decree.

## II.     SAMPLING, MONITORING, INSPECTION & REPORTING

15.     **Sampling Program - Stormwater**:  Beginning with the 2014-2015 Wet Season, subject to the limitations set forth below, Pacific Rim shall collect and analyze stormwater samples from all of its Designated Discharge Points at the Facility according to the following sampling schedule:

a.  Pending installation of the biofiltration swales, Designated Discharge Points shall be reduced to the two (2) outfall locations depicted in Exhibit 1, Figure 1.

b.  During each Wet Season starting with the 2014-2015 Wet Season, Pacific Rim shall collect and analyze samples from Designated Discharge Points during the first four (4) storm events of the Wet Season, as qualified in the Industrial Stormwater Permit, except that for purposes of this Consent Decree Pacific Rim can collect discharges after the first hour of discharge and samples can be collected during any storm event that is preceded by a 24-hour dry period.  If Pacific Rim is unable to take a sample from any of the Designated Discharge Points during any of the first four storm events of the Wet Season which occur during scheduled operating hours of 8:00 a.m. to 4:00 p.m., Pacific Rim shall continue to sample from any subsequent storm events until four samples have been collected from each Designated Discharge Point in that Wet Season.  In the event that Pacific Rim is unable to collect four samples from each Designated Discharge Point in a Wet Season, Pacific Rim shall explain in writing why it was unable to collect the required sample(s).  If three (3) consecutive samples from a Designated Discharge Point have constituent concentrations below the Target levels set forth in Exhibit 2 for all parameters, Pacific Rim need not conduct additional sampling in that Wet Season from that Designated Discharge Point.

8

c.   Should industrial processes materially change at the Facility, Pacific Rim shall conduct sampling for any additional toxic priority pollutants listed in 40 C.F.R. § 131.38 likely to be present in the Facility's stormwater discharges in significant quantities as a result of the changed industrial processes.

d.   Where Pacific Rim discharges stormwater into a storm drain inlet, catch basin, biofiltration swale, or filtration device, Pacific Rim should endeavor to collect a sample below any insert or treatment device.

16.    **Certified Lab**:  Pacific Rim shall have all stormwater samples collected pursuant to this Consent Decree delivered to a California state certified environmental laboratory for analysis within the time needed for analysis within laboratory method allowable hold times.  The laboratory shall thereafter conduct analysis sufficient to detect individual constituents at or below the levels set forth in the attached Exhibit 2.

17.    **Sample Result Reporting**:  After the Effective Date, Pacific Rim shall provide complete results from sampling and analysis to Baykeeper within seven (7) days of its receipt of the laboratory report from each sampling event.

18.    **End of Season Summary:**  By July 31st following each Wet Season that occurs during the Consent Decree, Pacific Rim shall prepare and send to Baykeeper an End of Season Summary that includes: 1) a summary chart with all of the sample results from the previous Wet Season including the constituent concentration(s) from Designated Discharge Point sample(s) collected at the Facility exceeding the Target Levels in Exhibit 2 ("Exceedance(s)"), and 2) identification of any new BMPs that Pacific Rim has implemented or will implement not already discussed in a prior End of Season Summary or Action Plan for the immediately prior Wet Season.

9

19.    **Action Plan**:  If any stormwater sample result during a Wet Season exceeds any Target Level set forth in Exhibit 2, Pacific Rim shall submit an Action Plan in addition to the End of Season Summary by July 31st following that Wet Season.

20.    **Contents of Action Plan**:  If an Action Plan is required, it shall set forth:  1) the possible sources of Pacific Rim's Exceedance(s) during the applicable Wet Season, 2) revised and/or additional BMPs that are designed to reduce the level of constituent concentrations associated with the Exceedances in future storm water discharges to below the Target Levels in Exhibit 2, and 3) a schedule to implement any revised and/or additional BMPs by the earliest reasonable time, and no later than October 1 of the next Wet Season.  Action Plans shall consider the following BMPs:  1) additional coverage of work and/or storage areas, 2) use of a vacuum sweeper, and 3) additional filtration/treatment.  If Pacific Rim determines not to implement these BMPs, it shall set forth in the Action Plan the reasons for any such determination.

21.    **Baykeeper Review of Action Plan**:  Baykeeper shall have thirty (30) days from receipt to propose revisions to the Action Plan.  Within thirty (30) days of receiving Baykeeper's revisions, Pacific Rim shall agree or disagree with the proposed revisions.  If required, a revised Action Plan will be provided to Baykeeper with explanations as to why any requested revisions were not adopted.  Any disputes regarding the revisions may be resolved per the dispute resolution provisions of this Consent Decree.

22.    Pacific Rim shall implement the Action Plan(s) adopted pursuant to this Consent Decree as an obligation of this Consent Decree.

23.    Within thirty (30) days after BMPs set forth in an Action Plan pursuant to this Consent Decree are implemented, Pacific Rim shall amend the Facility SWPPP to include all BMP revisions or additions not otherwise already implemented and included in the SWPPP.

Within thirty (30) days thereafter, Pacific Rim shall provide Baykeeper with a copy of such revised SWPPP.

24.     During each Wet Season, Pacific Rim is under an ongoing obligation to evaluate the BMPs implemented at the Facility and discussed in current or previous Action Plans and, if Target Levels have been exceeded, continue to attempt to reduce the concentrations to Target Levels for the remainder of the Wet Season.  Pacific Rim shall use the results from subsequent stormwater samples as they become available to assist with their ongoing evaluation of the effectiveness of BMPs.

25.     **Stipulated Payments**:  Pacific Rim shall pay the following stipulated payments during the Term of this Consent Decree:

a.   Five hundred dollars ($500) for each failure to collect a sample required under this Consent Decree during a Wet Season as provided in paragraph 15.a;

b.    In the event that Pacific Rim fails to submit to Baykeeper any document, report or other communication required in this Consent Decree by its due date, Pacific Rim shall pay a late payment of one hundred fifty dollars ($150) plus thirty dollars ($30) per business day (Monday through Friday, excluding state and federal holidays) after the report due date commencing on the third (3rd) business day after the report due date; and

c.    Pacific Rim shall incur a payment of one hundred fifty dollars ($150) plus thirty dollars ($30) per business day commencing on the third (3rd) business day after the due date that Pacific Rim fails to submit any payments due under paragraphs 25, 28, and 29 of this Consent Decree.

d.   Any stipulated payments described above shall be paid by October 30th of each year this Consent Decree is in effect to the Rose Foundation for the Environment, 1970 Broadway, Suite 600, Oakland, California 94612, Attn: Tim Little, with a copy of payment sent concurrently to Baykeeper.  Stipulated payment funds will be used by the Rose Foundation to fund projects that

11

benefit water quality in the San Francisco Bay watershed.  In no case shall any of the funds be received by Baykeeper.

26.    **Site Access**:  During the Term of this Consent Decree, Pacific Rim shall permit representatives of Baykeeper to perform one (1) physical inspection per year of the Facility during operating hours ("Site Inspection").  Baykeeper shall provide Pacific Rim at least two (2) business days notice in advance of such Site Inspection, and Pacific Rim shall have the right to deny access if circumstances would make the Site Inspection unduly burdensome and pose significant interference with business operations.  In such case, Pacific Rim shall specify at least two (2) days within the next two (2) weeks upon which a Site Inspection may proceed during normal business hours, and the Parties shall agree upon the inspection date.  Baykeeper shall comply with all safety instructions provided to Baykeeper by Pacific Rim staff during all Site Inspections.  During Site Inspections, Baykeeper shall be allowed to inspect and sample any stormwater discharges.

27.    **Reports**:  During the Term of this Consent Decree, Pacific Rim shall provide Baykeeper with a copy of all documents submitted to the Regional Board or the State Board concerning the Facility's compliance with the Industrial Stormwater Permit.  Such documents and reports shall be transmitted to Baykeeper via electronic mail, if feasible, or by U.S. Mail when electronic transmission is not feasible, at the time the documents are due to be submitted to the Regional Board or State Board.

### IV.    MITIGATION, FEES, AND COSTS

28.    **Reimbursement of Fees and Costs**:  Pacific Rim shall reimburse Baykeeper in the amount of ten thousand dollars ($10,000) to help defray Baykeeper's reasonable investigation, expert, and attorneys' fees and costs, and all other reasonable costs incurred as a result of investigating the activities at the Facility related to this Consent Decree, bringing these

matters to Pacific Rim's attention, and negotiating a resolution of this action in the public interest. Payment of $10,000 shall be made to Baykeeper within thirty (30) days of the Effective Date.

29.     **Compliance Monitoring Funds:**  Pacific Rim shall provide to Baykeeper four thousand dollars ($4,000) for costs and fees associated with monitoring Pacific Rim's compliance with this Consent Decree. The first payment of $2,000 shall be made to Baykeeper by September 1, 2015. The second payment of $2,000 shall be made to Baykeeper by September 1, 2016.

30.     **Dispute Resolution**: If a dispute under this Consent Decree arises, or the Parties believe that a breach of this Consent Decree has occurred, the Parties shall schedule a meet and confer within ten (10) business days, or such date as may be agreed upon, of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Consent Decree has occurred and to develop a mutually agreed upon plan to resolve the dispute. If the Parties fail to meet and confer or the meet and confer does not resolve the issue, after at least seven (7) business days have passed after the meet and confer occurred or should have occurred, either Party shall be entitled to all rights and remedies under the law, including bringing a motion before the United States District Court for the Eastern District of California for the limited purpose of enforcing the terms of this Consent Decree. The parties shall be entitled to seek fees and costs incurred in any such action pursuant to the provisions set forth in the Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

**V.     JURISDICTION OVER PARTIES AND SUBJECT MATTER OF THE CONSENT DECREE**

31.     **Jurisdiction.**  For the purposes of this Consent Decree, the Parties stipulate that the United States District Court of California, Eastern District of California, has jurisdiction over the Parties and subject matter of this Consent Decree.  The Parties stipulate that venue is appropriate in the Eastern District of California and that Pacific Rim will not raise in the future as part of enforcement of this Consent Decree whether Baykeeper has standing to bring the Complaint, any action to enforce this Consent Decree or any motion pursuant to the Dispute Resolution procedures herein.

32.     **Jurisdiction to Enforce Consent Decree.**  This Court shall retain jurisdiction over this matter for the purpose of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce the obligations of this Consent Decree with all available legal and equitable remedies.

33.     **Submission of Consent Decree to DOJ.**  Within three (3) business days of receiving all of the Parties' signatures to this Consent Decree, Baykeeper shall submit this Consent Decree to the U.S. Department of Justice ("DOJ") and EPA for agency review consistent with 40 C.F.R. § 135.5.  The agency review period expires forty-five (45) calendar days after receipt by the DOJ, evidenced by correspondence from DOJ establishing the review period.  In the event DOJ comments negatively on the provisions of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issues raised by DOJ.

**VI.     WAIVER, RELEASES AND COVENANTS NOT TO SUE**

34.     **Baykeeper Waiver and Release of Noticed Parties and Covenant Not to Sue**: Upon the Effective Date, Baykeeper, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates, and each of their successors and assigns covenants not to sue Pacific Rim or its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns, or its agents, attorneys, or other representatives with

14

respect to any stormwater discharges from the Facility that arose before the effective date of this Consent Decree.  Baykeeper, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates, and each of their successors and assigns releases Pacific Rim or its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns from and waives all claims raised in the 60-Day Notice and/or the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed, or which could have been claimed, for matters included in the 60-Day Notice and/or the Complaint.

35.     **Pacific Rim's Waiver and Release of Baykeeper**:  Pacific Rim, on its own behalf and on behalf of its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns release Baykeeper and its officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns from, and waive all claims which arise from or pertain to, the 60-Day Notice and/or the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed, or which could have been claimed, for matters included in the 60-Day Notice and/or the Complaint.

A.     **VII.     MISCELLANEOUS PROVISIONS**

36.     **Effective Date**:  The Effective Date of this Consent Decree shall be the last day for the U.S. Department of Justice to provide comment on this Consent Decree, i.e., the 45th day following the U.S. Department of Justice's receipt of the Consent Decree.

37.     **Term of Consent Decree**:  This Consent Decree shall continue in effect until September 1, 2016 (the "Term"), at which time the Consent Decree, and all obligations under it,

shall automatically terminate.  The waivers, releases, and covenants contained in Paragraphs 34-35, inclusive, of this Consent Decree shall survive the termination of this Consent Decree.

38.     **Execution in Counterparts**:  The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

39.     **Signatures**:  The Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

40.     **Construction**:  The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning.  The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

41.     **Authority to Sign**:  The undersigned are authorized to execute this Consent Decree on behalf of their respective parties and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

42.     **Integrated Consent Decree**:  All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are contained herein.

43.     **Severability**:  In the event that any of the provisions of this Consent Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

44.     **Choice of Law**:  This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

45.     **Full Settlement**:  This Consent Decree constitutes a full and final settlement of this matter.

46.     **Negotiated Agreement**:  The Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

47.     **Modification of the Agreement**:  This Consent Decree, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by the Parties.

48.     **Assignment**:  Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties, and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

49.     **Mailing of Documents to Baykeeper/Notices/Correspondence**:  Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Baykeeper pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

Baykeeper:

George Torgun
San Francisco Baykeeper
785 Market Street, Suite 850
San Francisco, CA 94103
E-mail: george@baykeeper.org

Unless requested otherwise by Pacific Rim, any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Pacific Rim pursuant to this Consent Decree shall, to the extent feasible, be provided by electronic mail

transmission to the e-mail addresses listed below, or, if electronic mail transmission is not

feasible, by certified U.S. Mail with return receipt, or by hand delivery to the addresses below:

Pacific Rim:

Pacific Rim Recycling
c/o Steven Moore
3690 Sprig Drive
Benicia, CA 94510
E-mail:  More1023@aol.com

      Notifications of communications shall be deemed submitted on the date that they are

emailed, or postmarked and sent by first-class mail, or deposited with an overnight mail/delivery

service.  Any changes of address or addressees shall be communicated in the manner described

above for giving notices.

      50.    **Impossibility of Performance**:  No Party shall be considered to be in default in

the performance of any of its obligations under this Consent Decree when performance becomes

impossible, despite the timely good faith efforts of the Party, due to circumstances beyond the

Party's control, including without limitation, any act of God, act of war or terrorism, fire,

earthquake, flood, closure of the business, and restraint by court order or public authority.

"Circumstances beyond the Party's control" shall not include normal inclement weather,

economic hardship or inability to pay.  Any Party seeking to rely upon this paragraph shall have

the burden of establishing that it could not reasonably have been expected to avoid, and which by

exercise of due diligence has been unable to overcome, the impossibility of performance.

      51.    If for any reason the DOJ or the District Court should decline to approve this

Consent Decree in the form presented, the Parties shall use their best efforts to work together to

modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the

District Court.  If the Parties are unable to modify this Consent Decree in a mutually acceptable

manner that is also acceptable to the DOJ or District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

AGREED:


SAN FRANCISCO BAYKEEPER

    Date:



    _____

    George Torgun

    Managing Attorney, San Francisco Baykeeper




PACIFIC RIM RECYCLING, INC.

    Date:



    _____

    Steven Moore

    President and CEO

APPROVED AND SO ORDERED, this ___ day of _____.


UNITED STATES DISTRICT JUDGE


_____